UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON R. HOFFMAN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-12-CA-148-XR |
| STATE of TEXAS, ET AL., | § | |
| | § | |
| Defendants | § | |

# SHOW CAUSE ORDER

Plaintiff Jason R. Hoffman's 42 U.S.C. § 1983 Civil Rights Complaint alleges while he was in the custody of the Bexar County Adult Detention Center (BCADC) he was denied a King James Bible, his religious mail was lost or stolen, and he was "forced to have the image of the cross and bible removed from mail." Plaintiff sues twenty-three defendants.

Federal Rule of Civil Procedure 12(b)(6) states a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A district court may dismiss a complaint sua sponte for failure to state a federal claim. *Carroll v. Ft. Jams Corp.*, 470 F. 3d 1171, 177 (5th Cir. 2006). To state a claim pursuant to Rule 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to refer to material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th), *cert. denied*, 549 U.S. 825 (2006).

*Plaintiff's § 1983 Complaint fails to state a claim, and therefore is subject to dismissal, for the following reasons:*

1. The states and their agencies enjoy sovereign immunity from suit pursuant to the Eleventh Amendment and therefore are not subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Therefore Plaintiff's claims against the State of Texas and TDCJ are barred by sovereign immunity.

2. Bexar County Adult Detention Center is a building and is not a separate jural entity subject to suit in a § 1983 action, *see Darby v. Pasadena Police Department*, 939 F. 2d 311, 313 (5th Cir. 1991); therefore it is not a proper party to this suit.  To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation.  *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County.

3. Plaintiff's allegations are vague, ambiguous, and conclusory; he offers no particular facts (i.e. who, what, where, when) to support his claims.

4. Plaintiff's allegation he was denied a King James Bible (though he acknowledges he was furnished other Bibles) is frivolous and fails to state a claim.  The State is not required to furnish prisoners with religious materials.  *See Frank v. Terrell*, 858 F. 2d 1090 (5th Cir. 1988).

5. Plaintiff's claim that his mail was lost or stolen fails to state a civil rights claim.  Negligence is not a basis for a civil rights action under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986).

6. Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).  Plaintiff fails to allege how he was injured or harmed by BCADC's requirement that he remove religious references from the outside of his outgoing mail.

7. Plaintiff's suit against the BCADC officers for denying his grievances does not state a claim. Failure to resolve his grievances to his satisfaction is not a basis for a civil rights claim. *See Geiger v. Jowers*, 404 F. 3d 371, 374 (5th Cir. 2005).

8. In a § 1983 civil rights action a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F. 2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dept. Soc. Servs. City New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff fails to allege how the individual defendants were personally involved in the violation of his federal or constitutional rights and thus Plaintiff failed to allege a non-frivolous claim against the defendants. Furthermore, because administrators and supervisors are not liable for the acts of their subordinates, Plaintiff failed to state a claim against the various administrators and supervisors.

9. Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 239-44.

Defendants in their in their individual capacity are entitled to invoke qualified immunity and Plaintiff failed to allege *particular facts* sufficient to show the individual defendants are not entitled to qualified immunity.

Before dismissal Plaintiff is entitled to amend his Complaint.  *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  Therefore, **within twenty-one (21) days Plaintiff shall show cause why his Complaint should not be dismissed for failure to state a claim pursuant Rule 12(b)(6) by filing an amended complaint of no more than twenty (20) pages curing these deficiencies**.  The Complaint shall be double-spaced and shall otherwise conform to the filing requirements of Western District of Texas Local Court Rule CV-10.  *If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order.  See* Fed. R. Civ. P. 41(b).  Alternatively, Plaintiff may request voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a).

*Plaintiff is warned Fed. R. Civ. P. 11 provides that monetary sanctions may be imposed against a party that burdens the federal court or an opposing party with frivolous, i.e. legally or factually groundless, claims*.

**SIGNED** on March 9, 2012.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE